SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 2 8 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

KIM CARTER,

                Plaintiff,

   -against-

POLICE OFFICER CREAIG MAZZARA (Badge #20171)
of the 113th PRECINCT,
CAPTAIN JOHN DOE of the 113th Precinct,
            Defendants.
--------------------------------------------------------------------------------X

COMPLAINT

Case No.

11  6341

WEINSTEIN, J.

GO, M.J.

    PLAINTIFF KIM CARTER, by her attorney EVAN H. NASS, Esq., for her

COMPLAINT, allege upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1.    This is a civil rights action in which PLAINTIFF KIM CARTER (hereinafter

"Ms. Carter") seeks damages to redress the deprivation, under color of state law,

of rights secured to them under the Fourth, Fifth, Sixth and Fourteenth

Amendments of the United States Constitution. On or about August 6, 2011 at

approximately 8:30 P.M., at or near 123-15 Sutphin Blvd Queens, NY MS.

CARTER was falsely arrested by Defendant including, but not limited to,

POLICE CREAIG MAZZARA (Badge #20171) of the 112th PRECINCT

(hereinafter "Defendant"). It is alleged that Defendants falsely arrested MS.

CARTER in violation of her constitutional rights. While in custody MS.

CARTER was unlawfully detained for approximately 35 hours. It is further

alleged that MS. CARTER was drug tested by Defendant despite a lack of

reasonable suspicion of drug use. As a result of the unreasonable force used by

1

Defendant, MS. CARTER suffered mental and economic injuries.

## II. JURISDICTION

2.    Jurisdiction is conferred upon the Court by 28 U.S.C. §1343 (3) and (4), which

provides for original jurisdiction in the court of all suits brought pursuant to 42

U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases

brought pursuant to the Constitution and laws of the United States.  The Court has

pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3.    MS. KIM CARTER (hereinafter "MS. CARTER")at all times resided at 123-15

Sutphin Blvd Queens, NY 11434.

4.    Defendant POLICE OFFICER CREAIG MAZZARA (Badge #20171) of the 113th

PRECINCT (hereinafter "Defendant") was an NYPD police officer, and at all

relevant times hereto, acted in that capacity as agent, servant, and/or employee of

Defendant CITY and within the scope of his employment.

5.    Defendants CAPTAIN JOHN DOE 1 (hereinafter "DOE") were  NYPD police

officers, and at all relevant times hereto, acted in that capacity as agents, servants,

and/or employees of Defendant CITY and within the scope of their employment.

6.    At all relevant times hereto, Defendants were acting under the color of state and

local law. Defendants are sued in their individual and official capacities. At all

relevant times hereto, Defendant CITY was responsible for making and enforcing

2

the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

7.     On or about August 6th, 2011 at approximately 8:30 P.M., at or near 123-15 Sutphin Blvd Queens, NY 11434, MS. CARTER was driving home to her residence at the same address.

8.     MS. CARTER was pulled over by Defendant and stopped directly in front of her home.

9.     The defendant walks up to the car and asked MS. CARTER where she was coming from. MS. CARTER stated that she was coming from a pool party. Defendant asked if Ms. Carter had been drinking and if she had been smoking marijuana. MS. CARTER stated that she had not been drinking and had not done any drugs of any kind.

10.    Defendant insisted that MS. CARTER was high on marijuana despite MS. CARTER'S insistence of innocence. Defendant asked where MS. CARTER was coming from and she stated "Far Rockaway." The Defendant stated "well they do a lot of drugs over there."

11.    Defendant asked MS. CARTER to get out of the car and proceeded to arrest MS. CARTER.

12.    Defendant then told MS. CARTER'S son and his father, who had exited the home

3

standing nearby, that MS. CARTER was being arrested for a DWI. Defendant brought MS. CARTER over to the 112th Precinct for a breathalyzer exam. MS. CARTER was completely complacent and did what the Defendant asked. She blew a 0.00 on the exam.

13. Defendant, apparently irate about MS. CARTER blowing a 0.0 on the breathalyzer exam, stated that "out of 460 arrests, I've never been wrong and can tell when someone is on drugs." Very upset by the results, Defendant then required MS. CARTER to take a urine test.

14. MS. CARTER was pleading for help and crying. The urine tests came back negative. After approximately 35 hours MS. CARTER was released and charged with two violations and one misdemeanor of Operating a Motor Vehicle While Impaired by Drugs (VTL 1192.04).

15. MS. CARTER went to the hospital the following morning, approximately eight hours after her release. She received a blood exam for further proof of the absence of drugs and the exam came back negative. However, she was diagnosed with an infection from being held in the holding cell.

16. MS. CARTER'S home houses a day care center which has since closed due to a loss of reputation by the arrest occurring in front of the business. A nearby competitor has since picked up the business that MS. CARTER has lost due to the incident. The loss of revenue totaled approximately $14,000.00.

17. The urine test came back negative. All charges against MS. CARTER have been dismissed.

4

## V. FIRST CAUSE OF ACTION
Pursuant to §1983 (FALSE ARREST)

18. Paragraphs 1 through 17 of the complaint are hereby re-alleged and incorporated by reference herein.

19. That Defendants had neither valid evidence for the arrest of MS. CARTER nor legal cause or excuse to seize and detain her for approximately 35 hours.

20. That in detaining MS. CARTER for approximately 35 hours, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

21. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

22. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

23. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of MS. CARTER's rights alleged herein.

5

24.     By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of MS. CARTER's rights, subjected MS. CARTER to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

25.     By reason of the foregoing, MS. CARTER suffered injuries, including mental injuries, economic injuries, deprivation of liberty and privacy, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

26.     Paragraphs 1 through 25 are hereby re-alleged and incorporated by reference herein.

27.     That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

28.     That Defendants had no legal cause or reason to use excessive force in effectuating MS. CARTER's arrest.

29.     That Defendants violated MS. CARTER's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

30.     That at the time of the arrest, MS. CARTER did not pose a threat to the safety of

6

the arresting officers.

31.  That MS. CARTER was not actively resisting arrest or attempting to evade arrest.

32.  That defendant CITY, through its officers, agents, and employees, unlawfully subjected MS. CARTER to excessive force while effectuating her arrest.

33.  That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

34.  That by reason of Defendants acts and omissions, acting under color of state law and within the scope of her authority, in gross and wanton disregard of MS. CARTER's rights, subjected MS. CARTER to excessive force while effectuating her arrest, in violation of her rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

35.  That upon information and belief, in 2011, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

36.  That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

37.  That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

38.  That the above described policies and customs demonstrate a deliberate

7

indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of MS. CARTER's rights alleged herein.

39.    By reason of the foregoing, MS. CARTER suffered injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE DETENTION)

40.    Paragraphs 1 through 39 are hereby re-alleged and incorporated by reference herein.

41.    That due to Defendants' unreasonable delay, MS. CARTER'S right to a timely arraignment was violated.

42.     That Defendants, with an intent other than to see justice served, unlawfully delayed plaintiff's right to an arraignment.

43.    That the defendants' actions were objectively unreasonable in light of the facts and circumstances that confronted them.

44.    That the criminal matter against MS. CARTER was terminated in her favor and the court dismissed all charges against her.

45.    By reason of the foregoing, MS. CARTER suffered injuries, mental injuries, motional injuries, economic injury, trauma, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

8

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, MS. CARTER has suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, MS. CARTER respectfully requests that judgment be entered:

1.  Awarding MS. CARTER compensatory damages in a full and fair sum to be determined by a jury;

2.  Awarding MS. CARTER punitive damages in an amount to be determined by a jury;

3.  Awarding MS. CARTER interest from August 6, 2011; and

4.  Awarding MS. CARTER reasonable attorney's fees pursuant to 42 USC §1988; and

5.  Granting such other and further relief as to the Court seems proper.

DATED:  New York, New York
        December 13, 2011

EVAN H. NASS, ESQ. (EN0857)
Nass & Roper, Attorneys at Law
14 Penn Plaza, Suite 2004
New York, NY 10122
TEL/FAX: 718-775-3246

9